UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SERGIO RACANATI**, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>**AMERICAN BENEFIT SOLUTIONS LLC,**<br><br>        Defendant. | Civil Case No.: 18-cv-12086<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant American Benefit Solutions LLC's ("Defendant") practice of placing autodialed telemarketing calls to individuals in the absence of prior express written consent, and in the absence of any "do not call" policy or training, in violation of two separate provisions Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Despite not having such a policy or conducting this training, as required by law prior to making telemarketing calls, Defendant has placed numerous autodialed calls to Plaintiff's cellular telephone.

3. Plaintiff Racanati has done no business with Defendant and has never provided Defendant prior express written consent to place calls to his cellular telephone.

4. Accordingly, Plaintiff brings this TCPA action on behalf of himself and a class of similarly situated individuals under 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in this District.

7. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in and/or was directed at this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Little Ferry, New Jersey

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein was, a Maryland corporation with its principal place of business at 16071 AE Mullinix Rd., Woodbine MD 21797.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

12. Defendant has placed, or has had placed on its behalf, telephone calls to Plaintiff's cellular telephone number ending in 7248.

13. Each of Defendant's calls was intended to sell Plaintiff health insurance. As such, these calls were telemarketing.

14. Each of Defendant's calls to Plaintiff appeared to use an automatic telephone dialing system.

15. Specifically, the calls contained a lengthy and unnatural pause from the time the call was answered to the time one of Defendant's representatives came on the line.

16. Further, Defendant's calls used a different representative each time.

17. This behavior is indicative of a system that automatically dials telephone numbers in bulk, and then seeks to automatically match "connected" calls to an available representative. In other words, an automatic telephone dialing system.

18. Some of Defendant's telephone calls also used a prerecorded or artificial voice.

19. Plaintiff is aware that these telephone calls used a prerecorded or artificial voice message because of his familiarity with normal human interaction, intonation, manners of speaking, and his inability to engage the prerecorded or artificial voice in reciprocal, sensical communication or banter.

20. Because the calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom they made calls prior to making any calls using an automatic telephone dialing system or prerecorded voice.

21. "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

22. Plaintiff never told Defendant it could call him, let alone provided the type of consent sufficient to qualify as "prior express written consent".

23. Defendant never disclosed to Plaintiff that it may or would call Plaintiff, or that it may or would call Plaintiff using an automatic telephone dialing system or prerecorded voice, nor did Defendant ever solicit Plaintiff's consent (in writing or otherwise) to do the same.

24. Accordingly, each of Defendant's calls to Plaintiff using an automatic telephone dialing system or prerecorded voice violated 47 U.S.C. § 227(b).

25. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

26. In addition, the TCPA prohibits making "any call for telemarketing purposes" unless the caller has instituted certain minimum standards with respect to persons who request not to receive telemarketing calls (regardless of equipment used or consent obtained).

27. These standards include, among others, keeping a written policy, available upon demand, for maintaining a do-not-call list, and training personnel engaged in telemarketing on the existence and use of the do-not-call list. 47 CFR § 64.1200(d).

28. At the time of its calls to Plaintiff, Defendant did not have such a written policy, nor did it train personnel engaged in telemarketing on the existence and use of the do-not-call list.

29. Plaintiff, individually and through his counsel, has requested Defendant's "do not call" policy. When Plaintiff requested this policy, he was hung up on.

30. Plaintiff's counsel also requested this policy from Defendant's counsel, David Schnobrick.

31. In response, Mr. Schnobrick provided a document that, per metadata, was created (or at least saved for the first time) literally one minute prior to sending it to Plaintiff (created on July 20 at 10:11 AM; sent on July 20 at 10:12 AM).

32. Furthermore, this provided policy had a "DRAFT" watermark across both pages, suggesting that this policy was never finalized or implemented.

33. Accordingly, because Defendant did not have a written "do not call" policy at the time of calls to Plaintiff, all of Defendant's telemarketing calls to anyone, in the absence of such a policy, and regardless of consent or equipment used, through the time it created and implemented the required "do not call" policy, violate 47 U.S.C. § 227(c).

34. While the exact number of calls to Plaintiff's cellular telephone number will be

determined in discovery, Plaintiff has received more than two such telemarketing calls in a 12-month period.

35. Plaintiff is entitled to up to $500 for each call placed to his cellular telephone in violation of 47 U.S.C. § 227(c), separate from and in addition to the damages allowed for 47 U.S.C. § 227(b).

36. Plaintiff is entitled to $1,500 per call for violations of § 227(c) if the Court finds that the violations were knowing and/or willful.

37. Plaintiff has suffered actual injury because of Defendant's unwanted and untrained telemarketing telephone calls, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy;
- Nuisance;
- Deprivation of the right to request, receive, and act in accordance with the mandated "do not call" policy to stop further calls.

38. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two proposed Classes, defined as follows:

> Since July 26, 2014, Plaintiff and all persons to whose cellular telephones Defendant American Benefit Solutions LLC placed (or had placed on its behalf) a telemarketing telephone call using identical, or substantially identical, equipment as the equipment used to place telemarketing telephone calls to Plaintiff.
>
> ("B Class")

Since July 26, 2014, Plaintiff and all persons within the United States to whose telephone number Defendant American Benefit Solutions LLC placed (or had placed on its behalf) two or more telemarketing telephone calls in a 12-month period.

("C Class")

40. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

41. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

42. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant maintains written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its telephone calls;

   b. The telephone numbers to which Defendant placed its telephone calls;

   c. The telephone numbers for which Defendant had prior express written consent;

   d. The purposes of such calls;

   e. The names and addresses of Class members.

43. The Classes are comprised of hundreds, if not thousands, of individuals nationwide.

44. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

   a. Whether Defendant maintained a written "do not call" policy;

   b. Whether Defendant trained its employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

   c. Whether Defendant obtained prior express written consent;

    d. Whether Defendant placed telephone calls using an automatic telephone dialing system or artificial or prerecorded voice;

    e. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

45. Plaintiff Racanati is a member of the Classes in that Defendant placed two or more calls for telemarketing purposes in a one-year period to his telephone number without having a written "do not call" policy in place or training its personnel on the existence and use of any such "do not call" policy, and these calls used an automatic telephone dialing system and/or prerecorded voice.

46. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

47. Plaintiff and all putative Members of the Classes have also necessarily suffered actual damages in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls, lost space on their devices, and suffered a nuisance and an invasion of their privacy as they were unable to effectively stop the calls if they wanted to do so, or obtain a "do not call policy" upon which they could rely to stop the calls.

48. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

49. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

50. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

51. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

53. Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the B Class)

54. Plaintiff and the proposed B Class incorporate the foregoing allegations as if fully set forth herein.

55. Defendant placed calls to Plaintiff's and B Class Members' telephone numbers without prior express written consent.

56. Plaintiff's and B Class Member's telephone numbers are assigned to a cellular telephone service.

57. As alleged, these calls all used an "automatic telephone dialing system."

58. Some of these calls used an artificial or prerecorded voice.

59. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

60. Plaintiff and B Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff and B Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the C Class)

62. Plaintiff and the proposed C Class incorporate the foregoing allegations as if fully set forth herein.

63. Defendant placed numerous calls for telemarketing purposes to Plaintiff's and C Class Members' telephone numbers.

64. Defendant did so despite not having a written policy pertaining to "do not call" requests.

65. Defendant did so despite not having such a policy available "upon demand."

66. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

67. Plaintiff and C Class Members each received two or more calls in a 12-month period.

68. Plaintiff and C Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

69. Plaintiff and C Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Racanati, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Racanati as the representative of the Classes and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b) and (c);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages for violations of 227(c);

E. An award of treble damages; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** July 26, 2018
　　　　　　　　　　　　　　　　　　　s/ Jeremy M. Glapion
　　　　　　　　　　　　　　　　　　　Jeremy M. Glapion
　　　　　　　　　　　　　　　　　　　**THE GLAPION LAW FIRM, LLC**
　　　　　　　　　　　　　　　　　　　1704 Maxwell Drive
　　　　　　　　　　　　　　　　　　　Wall, New Jersey 07719
　　　　　　　　　　　　　　　　　　　Tel: 732.455.9737
　　　　　　　　　　　　　　　　　　　Fax: 732.709.5150
　　　　　　　　　　　　　　　　　　　jmg@glapionlaw.com