ERIK J. BERGLUND
NJ Bar No. 104242014
Email: erik.berglund@gmlaw.com
**GREENSPOON MARDER LLP**
590 Madison Avenue, Suite 1800
New York, NY 10022
(212) 524-5000
*Local Attorneys for Defendant*
*American Benefit Solutions, LLC*

BETH-ANN E. KRIMSKY
Fla. Bar No. 968412
*Pro Hac Vice* Admission Anticipated
Email: beth-ann.krimsky@gmlaw.com
Email: clemencia.corzo@gmlaw.com
JAMEY R. CAMPELLONE
Fla. Bar No. 119861
*Pro Hac Vice* Admission Anticipated
Email: jamey.campellone@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027
*Attorneys for Defendant*
*American Benefit Solutions, LLC*

| | |
|---|---|
| SERGIO RACANATI,<br>        Plaintiff,<br><br>v.<br><br>AMERICAN BENEFIT SOLUTIONS, LLC,<br>        Defendant. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>CASE NO.:  2:18-cv-12086-KM-MAH<br><br>Motion Day: <u>Monday, November 19, 2018</u> |

**DEFENDANT AMERICAN BENEFIT SOLUTIONS, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT [D.E. 1]**
**<u>PURSUANT TO FED. R. CIV. P. 12(B)(2) AND FED. R. CIV. P. 12(B)(6)</u>**

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

## TABLE OF CONTENTS

Page

**INTRODUCTION** ................................................................................................. 1

**DISCUSSION** ...................................................................................................... 3

   **I.**   **Standard of Review** ................................................................................ 3

     A.  Standard of Dismissal for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2). ...... 3

     B.  Standard of Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6). ............... 5

   **II.**  **Argument.** ............................................................................................. 6

     A.  This Court Lacks Personal Jurisdiction Over American Benefit Concerning the Claims of the Non-New Jersey Putative Class Members. ................................................................ 6

     B.  Plaintiff's Complaint Fails to State a Claim Because Plaintiff Fails to Plausibly Allege Use of an ATDS or Prerecorded or Artificial Voice. ......................................................... 10

     C.  The "Second Cause of Action" of Plaintiff's Complaint Fails to State a Claim Because Plaintiff Only Alleged Calls to his Cellular Phone and Not His Residential Line. ............... 14

**CONCLUSION** ................................................................................................... 15

36552585v1

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
   334 F. Supp. 2d 629 (D.N.J. 2004) .......................................................................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................... 5, 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................... 5, 6

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
   137 S. Ct. 1773 (2017) ................................................................................. *passim*

*Carteret Sav. Bank, FA v. Shushan*,
   954 F.2d 141 (3d. Cir. 1992) ................................................................................ 3

*Cunningham v. Enagic USA*, Inc.,
   No. 3:15-0847, 2017 WL 2719992 (M.D. Tenn. June 23, 2017) ........................................ 14, 15

*Cunningham v. Rapid Capital Funding, LLC/RCF*,
   No. 3:16-cv-02629, 2017 WL 3574451 (M.D. Tenn. July 27, 2017) ........................................ 14

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................. 3, 4, 5

*Doran v. Wells Fargo Bank, NA*.,
   878 F. Supp. 2d 1312 (S.D. Fla. 2012) ..................................................................... 11

*Drayage Express, LLC v. Int'l First Serv. USA*, No. 15-cv-03597 (FLW)(LHG),
   2017 U.S. Dist. LEXIS 47999 (D.N.J. March 29, 2017) ...................................................... 3

*Fleming v. Diversified Consultants, Inc.*,
   8:14-CV-2196-T-30, 2014 WL 6747150 (M.D. Fla. Nov. 26, 2014) ........................................ 13

*Gonzalez v. United Recovery Sys., Inc.*,
   No. 11-5996 (SRC), 2012 WL 395523 (D.N.J. Feb. 6, 2012) ................................................. 6

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ................................................................................ 5

*Hale v. Creditors Relief LLC*,
    No. 17-2447 (JMV) (MF), 2018 WL 2539080 (D.N.J. June 4, 2018) ................................... 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ................................................................................ 4

*Hensley Mfg. v. ProPride, Inc.*,
    579 F.3d 603 (6th Cir. 2009) ................................................................................ 5

*IMO Indus., Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ................................................................................ 4

*In re Dental Supplies Antitrust Litig.*,
    16CIV696BMCGRB, 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ................................ 8, 9

*International Shoe Company v. Washington*,
    326 U.S. 310 (1945) ................................................................................ 4

*Jankowski v. Lellock*,
    649 Fed. Appx. 184 (3rd Cir. 2016) ................................................................................ 5

*Johansen v. Vivant, Inc.*,
    No. 12 C 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) ................................... 11, 12, 13

*Knutson v. Reply!, Inc.*,
    10-CV-1267 BEN WMC, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011) ................................ 11

*Kramer v. Autobytel, Inc.*,
    759 F. Supp. 2d 1165 (N.D. Cal. 2010) ................................................................................ 12

*Maclin v. Reliable Reports of Tex., Inc.*,
    No. 17 CV 2612, 2018 WL 1468821 (N.D. Ohio Mar. 26, 2018) .................................. 8

*Maxberry v. Sallie Mae Educ. Loans*,
    532 Fed. Appx. 73 (3rd Cir. 2013) ................................................................................ 5

*McDonnell v. Nature's Way Prods., LLC*,
    16 C 5011, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017) ................................ 8

iv

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

*Miller Yacht Sales, Inc. v. Smith,*
    384 F.3d 93 (3d Cir. 2004) .................................................................................. 3

*Norman v. Sito Mobile Solutions*,
    No. 17-2215, 2017 WL 1330199 (D.N.J. Apr. 6, 2017) .................................... 12, 13

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007) .................................................................................. 4

*Papasan v. Allain*,
    478 U.S. 265 (1986) .............................................................................................. 5

*Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*,
    301 F. Supp. 3d 840 (N.D. Ill. March 12, 2018) .................................................. 8

*Promologics, Inc.*,
    16 C 9281, 2018 WL 3474444 (N.D. Ill. July 19, 2018) ...................................... 8

*Snyder v. Perry*,
    No. 14-CV-2090 (CBA)(RER), 2015 WL 1262591 (E.D.N.Y. Mar. 18, 2015) ....................... 12

*Trenk v. Bank of America*,
    No. 17-3472, 2017 WL 4170351 (D.N.J. Sept. 20, 2017) ...................................... 11

*Trumper v. GE Capital Retail Bank*,
    79 F. Supp. 3d 511 (D.N.J. 2014) ........................................................................ 11

*Walden v. Fiore*,
    571 U.S. 277 (2014) .............................................................................................. 3

*Weaver v. Wells Fargo Bank N.A.*,
    8:15-CV-1247-T-23TGW, 2015 WL 4730572 (M.D. Fla. Aug. 10, 2015) ............................ 11

*Wenokur v. AXA Equitable Life Ins. Co.*,
    CV-17-00165-PHX-DLR, 2017 WL 4357916, n. 4 (D. Ariz. Oct. 2, 2017) ............................ 8

*Zelma v. Burken*,
    No. 2:16-02559-CCC-MF, 2017 WL 58581 (D.N.J. Jan. 4, 2017)............................ 3

*Zemel v. CSC Holdings LLC*,
    No. 16-4064-BRM-DEA, 2017 WL 1503995 (D.N.J. Apr. 26, 2017) .................................... 10

v

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

## Statutes

47 U.S.C. § 227 ............................................................................................................... 1

47 U.S.C. § 227(b)(1)(A) ............................................................................................... 10

47 U.S.C. § 227(c) .......................................................................................................... 14

47 U.S.C. § 227(c)(5) ............................................................................................... 14, 15

## Rules

Fed. R. Civ. P. 4(k) .......................................................................................................... 4

Fed. R. Civ. P. 8(a) .......................................................................................................... 5

Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 5

Fed. R. Civ. P. 12(b)(2) ............................................................................... i, iii, 1,2, 3, 8, 10

Fed.. R. Civ. P. 12(b)(6) ................................................................................... i, iii, 1,2, 5

N.J. Ct. R. 4:4-4 .............................................................................................................. 4

## Regulations

47 C.F.R. § 64.1200(c) .................................................................................................. 14

47 C.F.R. § 64.1200(d) ............................................................................................. 14, 15

47 C.F.R. § 64.1200(d)(4) ........................................................................................ 14, 15

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

Defendant, American Benefit Solutions, LLC ("American Benefit"), by and through the undersigned attorneys and pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby files and serves this Motion to Dismiss Plaintiff Sergio Racanati's ("Plaintiff") Complaint [D.E.1] for lack of jurisdiction and failure to state a claim upon which relief can be granted. In support thereof, American Benefit states as follows:

## INTRODUCTION

On July 26, 2018, Plaintiff, on behalf of himself, and purportedly on behalf of all others similarly situated within the United States, filed the Complaint against American Benefit seeking to allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") [D.E. 1]. As alleged, Plaintiff is "a citizen and resident of Little Ferry, New Jersey." [D.E. 1, ¶8]. Also as alleged, American Benefit is "a Maryland corporation with its principal place of business at 16071 AE Mullinix Rd., Woodbine, MD 21797." [D.E. 1, ¶10]. Pursuant to the United States Supreme Court's recent decision *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017) ("*Bristol-Myers*"), Plaintiff wholly failed to meet his burden of alleging facts sufficient to establish this Court's personal jurisdiction over American Benefit concerning the non-New Jersey residents Plaintiff seeks to have included in the putative classes as defined by Plaintiff. Indeed, the definitions of the putative classes Plaintiff seeks to represent attempt to include "all persons to whose cellular telephones [American Benefit] placed (or had placed on its behalf) a telemarketing phone call . . ." and "[s]ince July 26, 2014, Plaintiff and all persons within the United States to whose telephone number [American Benefit] placed (or had placed on its behalf) . . . ." [D.E. 1, ¶39]. These non-New Jersey putative class members have no connection to New Jersey and cannot rely upon

1

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

general jurisdiction to proceed with any alleged claims against American Benefit. Accordingly, the non-New Jersey putative class members' claims should be dismissed with prejudice.

Even if this Court has jurisdiction over American Benefit as to the non-New Jersey putative class members' alleged claims (it does not), Plaintiff still fails to allege sufficient and material facts to state a claim under the TCPA. The Complaint does not contain the requisite short and plain statements of Plaintiff's purported claims, but instead, spews out a myriad of irrelevant statements and vague assertions. The conclusory Complaint merely and imprecisely parrots the language of the TCPA and thus fails to allege material facts to support Plaintiff's claims. For example, Plaintiff alleges that American Benefit "appeared to use" an automatic telephone dialing system ("ATDS") [D.E. 1, ¶14] without providing any plausible factual allegations to support this assertion. Plaintiff also fails to allege the times when he supposedly received the purported calls, the caller's identity, and the number of calls allegedly received. Furthermore, Plaintiff also fails to plead sufficient facts establishing that the alleged calls were made to Plaintiff's residential line or that he uses his cellular phone for residential purposes. Plaintiff's failure to sufficiently plead these critical facts necessary to establish that American Benefit ever initiated the purported calls constitutes a fatal defect in the Complaint as the allegations amount to nothing more than conclusory recitations of the elements of the TCPA. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

## DISCUSSION

I.     **Standard of Review.**

      A.     **Standard of Dismissal for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2).**

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes defendants to seek dismissal of an action for lack of personal jurisdiction and governs a motion to dismiss for lack of personal jurisdiction. *See Drayage Express, LLC v. Int'l First Serv. USA*, No. 15-cv-03597 (FLW)(LHG), 2017 U.S. Dist. LEXIS 47999 at *4 (D.N.J. March 29, 2017). Under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d. Cir. 1992); *Zelma v. Burken*, No. 2:16-02559-CCC-MF, 2017 WL 58581, at *2 (D.N.J. Jan. 4, 2017) (specifically applicable to a lawsuit involving a claim under the TCPA).

The United States Supreme Court has continued to limit the scope of both general personal jurisdiction and specific personal jurisdiction creating a more stringent test before allowing a plaintiff to haul a defendant into court. *See Daimler AG v. Bauman*, 571 U.S. 117, 117 (2014) (only allowing a court to assert general jurisdiction over foreign corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."); *Walden v. Fiore*, 571 U.S. 277 (2014) (applicable to specific personal jurisdiction). Even more recently, in *Bristol-Myers*, the Supreme Court further clarified that courts cannot exercise specific personal jurisdiction over a nonresident defendant with respect to a nonresident's claims based merely on the defendant's contacts with other individuals that reside in the forum state. *Bristol-Myers*, 137 S. Ct. at 1781.

Even a case filed pursuant to a federal statute must establish the Court has personal

3

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

jurisdiction over the defendant. To determine personal jurisdiction, a federal court must follow a two-step inquiry: first, the court must apply the forum state's long-arm statute; and second, the court must apply the Due Process Clause of the United States Constitution. *Miller Yacht Sales, Inc. v. Smith, et al.*, 384 F.3d 93, 96 (3d Cir. 2004); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); Fed. R. Civ. P. 4(k). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler*, 571 U.S. at 125. In the District Court of New Jersey, this inquiry is reduced to a single step because New Jersey's long-arm statute permits jurisdiction to the full extent of the Due Process Clause of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (3d. Cir. 2004); *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); N.J. Ct. R. 4:4-4. *International Shoe Company v. Washington*, 326 U.S. 310 (1945), and its progeny, establish the doctrinal test under the Due Process Clause: for a court to exercise personal jurisdiction over a nonresident defendant such as American Benefit, the defendant must have sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l. Shoe*, 326 U.S. at 316; *see also IMO Indus., Inc.*, 155 F.3d at 258-259

Depending on the nature of a defendant's contacts with the forum state, "[a] court can assert either specific or general jurisdiction over a defendant." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004). General jurisdiction relates to a defendant's general business activities within the forum state. *See e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). In all but the most exceptional cases, general jurisdiction over a corporation is limited to its place of incorporation and/or principal place of business. *See Daimler*, 571 U.S. at 129, n.19. Specific jurisdiction, by contrast, relates to

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

the connection between a defendant's contacts with the forum state and the underlying controversy. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

As expounded upon below in Section II(A), under these standards, the non-New Jersey putative class members who have no connection to New Jersey cannot rely upon general jurisdiction to proceed with their claims because, as recognized by Plaintiff, American Benefit is not incorporated, headquartered, or otherwise "at home" in New Jersey. [D.E. 1, ¶10]. To the extent Plaintiff attempts to bring such claims on behalf of "all others similarly situated," he could only do so where general jurisdiction actually exists. Accordingly, American Benefit is entitled to a dismissal of all non-New Jersey putative class members' claims with prejudice.

**B.      Standard of Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6).**

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Court must accept all well-pleaded factual allegations in a complaint as true, the Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In assessing a motion to dismiss, the Court determines whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Maxberry v. Sallie Mae Educ. Loans*, 532 Fed. Appx. 73, 76 (3rd Cir. 2013). Indeed, such factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Jankowski v. Lellock*, 649 Fed. Appx. 184, 186 (3rd Cir. 2016); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Plaintiff bears the burden to

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

articulate enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570; *Iqbal* 556 U.S. at 678; *Gonzalez v. United Recovery Sys., Inc.*, No. 11-5996 (SRC), 2012 WL 395523, at *1 (D.N.J. Feb. 6, 2012). While Rule 8 does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.

Indeed, *Iqbal* suggests that the courts adopt a two-pronged approach to apply these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Iqbal*, 556 U.S. at 678-79. As expounded below in Section II(B) and (C), much of Plaintiff's Complaint contains mere legal conclusions couched as "allegations," which must be disregarded by this Court, and the remaining allegations do not plausibly give rise to an entitlement to relief. Accordingly, American Benefit is entitled to a dismissal of Plaintiff's claims.

## II.     Argument.

### A.     This Court Lacks Personal Jurisdiction Over American Benefit Concerning the Claims of the Non-New Jersey Putative Class Members.

Plaintiff seeks to represent a nationwide class in all fifty (50) states. However, on its face, the Complaint reveals this Court lacks personal jurisdiction of any alleged claim of the non-New Jersey putative class members because these non-New Jersey claims lack any connection to New Jersey. Because this Court does not have general jurisdiction over the non-New Jersey putative class members' purported claims, as American Benefit is alleged to be a Maryland corporation with its principal place of business in Maryland [D.E. 1, ¶10], personal jurisdiction

6

36552585v1

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

over these claims is appropriate only if Plaintiff can establish specific jurisdiction over American Benefit. Because Plaintiff does not even attempt to allege the existence of specific jurisdiction, and cannot allege it if he tried, this Court should dismiss the purported class claims for any out-of-state plaintiffs.

In *Bristol-Myers*, the Supreme Court left no doubt that specific jurisdiction exists only where the suit arises out of, or relates to, the nonresident defendant's contacts with the forum. *Bristol-Myers*, 137 S. Ct. at 1780. Regardless of the level of a defendant's activities within the forum, specific jurisdiction is absent where the underlying claim has no connection with these activities. *Id.* Specifically, in *Bristol-Myers*, the Supreme Court analyzed whether a California state court could exercise specific jurisdiction over non-resident plaintiffs' mass tort action claims. *Id.* The Court found that "in order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum State. . . When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781 (internal citation omitted). Based upon this principle, the Supreme Court rejected the argument that in-state plaintiffs' alleged injuries constituted a sufficient nexus with the out-of-state putative plaintiffs' claims so as to give rise to specific jurisdiction: "[t]he mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the non-residents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* Thus, if Plaintiff alleged American Benefit made calls from New Jersey they could potentially allege specific jurisdiction; however, Plaintiff does not and cannot.

7

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

While *Bristol-Myers* was a mass tort action originating in state court, neither the form of the action nor the court in which the action is brought alters the basic principle: a court cannot exercise specific personal jurisdiction over a foreign defendant based on claims that do not relate to the defendant's contacts with the forum. Indeed, courts have applied the *Bristol-Myers* analysis to dismiss cases for lack of specific jurisdiction brought on behalf of out-of-state putative class members regardless of the nature of the claims. *See, e.g., Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 16 C 9281, 2018 WL 3474444, at *2 (N.D. Ill. July 19, 2018) (holding in the TCPA context that "[t]his Court lacks jurisdiction over the [d]efendants as to the claims of the nonresident, proposed class members . . . those class members who are not Illinois residents and who allegedly received the fax outside of this state's borders may not be part of this case."); *Maclin v. Reliable Reports of Tex., Inc.*, No. 17 CV 2612, 2018 WL 1468821, at *4 (N.D. Ohio Mar. 26, 2018) (holding that the Court did not have personal jurisdiction over the FLSA claims asserted by non-Ohio plaintiffs under Rule 12(b)(2)); *Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. March 12, 2018) (holding that the class claims would be limited to those involving Illinois residents); *McDonnell v. Nature's Way Products, LLC*, 16 C 5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017) (applying *Bristol-Myers* and declining to exercise specific jurisdiction over non-resident class members' claims); *Wenokur v. AXA Equitable Life Ins. Co.*, CV-17-00165-PHX-DLR, 2017 WL 4357916, at *4, n. 4 (D. Ariz. Oct. 2, 2017) ("[t]he Court also notes that it lacks personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class"); *In re Dental Supplies Antitrust Litig.*, 16CIV696BMCGRB, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) (applying *Bristol-*

8

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

*Myers* to a class action, holding that "[t]he constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case"). Indeed, just recently this Court granted a motion to dismiss based in part on *Bristol-Myers* when the defendant argued at the motion to dismiss stage that the non-resident plaintiffs failed to establish any connection between their claims and the defendants' activities in New Jersey. *Horowitz v. AT&T Inc.*, 3:17-CV-4827-BRM-LHG, 2018 WL 1942525, at *15 (D.N.J. Apr. 25, 2018).

Here, just as in *Bristol-Myers*, Plaintiff purports to bring claims on behalf of a nationwide group of plaintiffs, not just those who reside in New Jersey. Likewise in the present case, this Court lacks specific jurisdiction over the claims of the putative nationwide class as Plaintiff's Complaint does not identify any link between these putative plaintiffs and New Jersey. Indeed, the Complaint asserts that only Plaintiff "is, and at all times mentioned herein was, a citizen and resident of Little Ferry, New Jersey." [D.E. 1, ¶8], and the putative classes consist of "all persons within the United States . . . ." [D.E. 1, ¶39]. On the face of the Complaint, Plaintiff has not alleged any connection between New Jersey and the non-resident class members' purported claims. Similarly, Plaintiff has not set forth any allegations that these putative class members were injured in New Jersey, or that American Benefit's alleged actions **in New Jersey** caused the alleged injuries of these proposed class members. Indeed, it is not sufficient that the named Plaintiff resides in New Jersey and alleges that his damages occurred in New Jersey. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781. As the Supreme Court made clear in *Bristol-Myers*, the nonresident claimants cannot rely on the Court's exercise of specific jurisdiction over the

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

claims of the New Jersey Plaintiff and the putative New Jersey class members because their claims do not arise from any connection to New Jersey.

Moreover, in contrast to the defendant in *Bristol-Myers*, American Benefit's general contacts with New Jersey are almost non-existent. No argument can even be made that general jurisdiction should be found based upon the strength of Defendant's unrelated contacts with New Jersey and Plaintiff cannot meet his burden to establish specific jurisdiction over the nonresident claims in this matter. Accordingly, because the exercise of jurisdiction over these claims against American Benefit would be a violation of due process, American Benefit is entitled to dismissal with prejudice of the putative nationwide class of all persons in the United States pursuant to Fed. R. Civ. P. 12(b)(2).

### B.   Plaintiff's Complaint Fails to State a Claim Because Plaintiff Fails to Plausibly Allege Use of an ATDS or Prerecorded or Artificial Voice.

To state a claim under the TCPA, Plaintiff must allege: (1) that the defendant called the plaintiff's cellular phone; (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A); *Hale v. Creditors Relief LLC,* No. 17-2447 (JMV) (MF), 2018 WL 2539080, at *4 (D.N.J. June 4, 2018) (dismissing plaintiff's complaint because he failed to sufficiently allege that the call in question was to his cellular telephone); *see also Zemel v. CSC Holdings LLC,* No. 16-4064-BRM-DEA, 2017 WL 1503995, at *5 (D.N.J. Apr. 26, 2017) (dismissing plaintiff's complaint because he failed plead any harm beyond a mere statutory violation and thus did not sufficiently allege an injury-in-fact). Because Plaintiff fails to allege any facts supporting his conclusory and vague allegation that American Benefit allegedly used an ATDS or Prerecorded or Artificial Voice, the Complaint fails as a matter of law.

10

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

Federal courts across the country have found that conclusory allegations alleging only a conclusion that a defendant used an ATDS or Prerecorded or Artificial Voice are insufficient to state a claim under the TCPA.  *See, e.g., Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (holding that plaintiff's TCPA claim failed because under *Twombly* and *Iqbal*, plaintiff made only conclusory allegations that defendant placed calls using an ATDS or an artificial or prerecorded voice); *Trenk v. Bank of America*, No. 17-3472, 2017 WL 4170351, at *2 (D.N.J. Sept. 20, 2017) (dismissing TCPA claim because plaintiff's complaint did not provide any factual allegation about whether the calls and text messages were automated or prerecorded); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (finding that without enhancing the complaint with anything more than the language of the statute, plaintiff provided only a threadbare formulaic recitation of the elements of a TCPA cause of action which is not entitled to the assumption of truth); *Weaver v. Wells Fargo Bank N.A.*, 8:15-CV-1247-T-23TGW, 2015 WL 4730572, at *4 (M.D. Fla. Aug. 10, 2015) (dismissing plaintiff's TCPA claim because he alleged only that the defendant used an automated dialing system, and therefore fails to explain the circumstances that suggest defendant used an automatic calling device); *Doran v. Wells Fargo Bank, NA*., 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) (dismissing plaintiff's TCPA complaint because the plaintiff failed to provide any facts about the automated or pre-recorded nature of the calls defendant allegedly made); *Knutson v. Reply!, Inc.*, 10-CV-1267 BEN WMC, 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (dismissing a TCPA claim where there was nothing in the complaint that allowed the court to infer the calls were randomly generated or impersonal); *Kramer v. Autobytel, Inc*., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding that isolated allegations stating the defendant used an

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

ATDS to place the calls is conclusory and does not meet the standard under *Iqbal* and *Twombly*).

Various federal courts have held that "[t]o plead a claim under the TCPA, '[p]laintiffs must do

more than simply parrot statutory language." *Norman v. Sito Mobile Solutions*, No. 17-2215,

2017 WL 1330199, at *2 (D.N.J. Apr. 6, 2017); *Snyder v. Perry*, No. 14-CV-2090 (CBA)(RER),

2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015).

In *Johansen*, the court weighed the general need to sufficiently allege a TCPA claim

beyond a speculative level together with the burden imposed on a plaintiff bringing the claim,

and gave an informative analysis of pleading TCPA claims against the backdrop of *Iqbal* and

*Twombly*. The *Johansen* Court explained:

> [A] TCPA plaintiff could describe the robotic sound of the voice on the
> other line, the lack of human response when he attempted to have a
> conversation with the "person" calling him, the generic content of the
> message he received, or anything else about the circumstances of a call or
> message contributing to his belief it was pre-recorded or delivered via an
> ATDS.
>
> . . . It is not unreasonable, however, to require a plaintiff to describe the
> phone messages he received in laymen's terms or provide the
> circumstances surrounding them to establish his belief that the messages
> were pre-recorded or delivered via [an ATDS]. This approach does not
> burden plaintiffs unduly by requiring pleading of technical details
> impossible to uncover without discovery, rather it necessitates that they
> plead only facts easily available to them on the basis of personal
> knowledge and experience. At the same time, it gives fair notice to
> defendants by 'distinguish[ing] the particular case that is before the court
> from every other hypothetically possible case' under TCPA, and avoids
> the potential abuse of the discovery process to pressure defendants into
> settling weak cases. This approach balances the requirements of liberal
> pleading for plaintiffs and fair notice to defendants underpinning our legal
> system.

*Johansen*, 2012 WL 6590551, at *3 (internal citations omitted). However, bare assertions

(like these in this Plaintiff's Complaint) merely attempting to recite the elements of a claim for

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

liability under the TCPA, which lack any factual support, are insufficient to withstand a motion to dismiss. *Norman*, 2017 WL 1330199, at *2 (dismissing plaintiff's TCPA claim because plaintiff's allegations failed to put defendant on notice of its allegedly offending behavior); *See Fleming v. Diversified Consultants, Inc.*, 8:14-CV-2196-T-30, 2014 WL 6747150, at *1 (M.D. Fla. Nov. 26, 2014) (dismissing plaintiff's TCPA complaint because the allegations that defendant called plaintiff's cell phone intentionally and repeatedly, without express permission and with an automated telephone dialing system, "do not create any inference supporting the allegation that calls were made using an automatic dialing system, and are insufficient to state a facially plausible claim").

Here, Plaintiff's allegations about American Benefit's alleged use of an ATDS and/or Prerecorded or Artificial Voice are wholly conclusory. *See* D.E. 1, ¶¶ 2, 14, 17, 18, 19. Indeed, Plaintiff does not provide the Court with a description of the alleged calls or the background surrounding the alleged calls. Even the allegations as to the amount of calls are vague, and speculative at best, as Plaintiff does not plead a specific amount of calls, stating that there was "more than two such telemarketing calls" and that the exact number would be determined in discovery. [D.E. 1, ¶34].

Because the Complaint is absent of any actual material factual allegations about the circumstances surrounding the alleged calls that even remotely support Plaintiff's allegations, rather than the conclusory allegations that alleged calls were made using an ATDS or Prerecorded or Artificial Voice without providing any specificity, Plaintiff's Complaint should be dismissed.

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

**C.     The "Second Cause of Action" of Plaintiff's Complaint Fails to State a Claim Because Plaintiff Only Alleged Calls to his Cellular Phone and Not His Residential Line.**

A plaintiff may seek civil damages under the private right of action provided for in 47 U.S.C. § 227(c) based upon a defendant's alleged violations of the regulations set out at 47 C.F.R. § 64.1200(d). *Cunningham v. Enagic USA*, Inc., No. 3:15-0847, 2017 WL 2719992, at *5-6 (M.D. Tenn. June 23, 2017) (dismissing plaintiff's TCPA claim because plaintiff only alleged calls to his cellular phone and not his residential line). "However, the language of the TCPA specifically provides that the regulations implemented pursuant to Subsection 227(c) concern only the need to protect residential telephone subscribers' privacy rights. The language of the TCPA specifically provides that the regulations implemented pursuant to 227(c) concern only 'the need to protect residential telephone subscribers' privacy rights.'" 47 U.S.C. § 227(c)(5); *Cunningham*, 2017 WL 2719992, at *5. While federal courts have suggested that "calls to a cell phone may be construed as calls to a residential telephone, the plaintiff must plead facts showing the cell phone is used for residential purposes." *Cunningham v. Rapid Capital Funding, LLC/RCF*, No. 3:16-cv-02629, 2017 WL 3574451 (M.D. Tenn. July 27, 2017) (dismissing plaintiff's claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) and (d)(4) because plaintiff failed to allege facts showing that his cell phones were used for residential purposes)).

Here, the plain language of the regulation that Plaintiff relies upon states:

> No person or entity shall initiate any call for telemarketing purposes to a **residential telephone subscriber** unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R.§ 64.1200(d) (emphasis added); [D.E. 1, ¶27]. Plaintiff's reliance on this statute is

14

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

misplaced as federal courts have held that the private right of action created by 47 U.S.C. § 227(c)(5) is "limited to redress for violations of the regulations that concern residential telephone subscribers." *Cunningham*, 2017 WL 2719992, at *5.

Specifically, 47 C.F.R. § 64.1200(d)(4) contemplates the maintenance of an internal do-not-call list for the situations in which "persons . . . request not to receive telemarketing calls[.]" *Id.* Plaintiff fails to, is unable to, and cannot provide any factual allegations concerning the substance of the telephone calls at issue, let alone that Plaintiff actually requested to be placed on an internal do-not-call list, including the basis for Plaintiff's factually-starved speculative conclusion American Benefit "did not have such a written policy, nor did [American Benefit] train personnel engaged in telemarketing on the existence and use of the do-not-call list." [D.E. 1, ¶28]. Indeed, Plaintiff even fails to allege any facts that even remotely, let alone plausibly suggest that he uses his cellular telephone for residential purposes or that establish that American Benefit called his residential number. [D.E. 1, ¶¶12, 34, 56]. Accordingly, notwithstanding sections A and B above, Plaintiff's "Second Cause of Action" should be dismissed with prejudice for failure to state a claim for which relief can be granted because Plaintiff failed to alleged that his cellular telephone is used for residential purposes and that Plaintiff requested to be placed on American Benefit's internal do not call list.

## CONCLUSION

**WHEREFORE**, Defendant, American Benefit Solutions, LLC, respectfully requests that this Court enter an Order dismissing Plaintiff Sergio Racanati's Complaint, and award any such further and other relief in favor of American Benefit as this Court deems just and proper.

36552585v1

Defendant American Benefit's Memorandum of Law
in support of its Motion to Dismiss Plaintiff's Complaint
Case No.: 2:18-cv-12086-KM-MAH

Dated:  October **8**, 2018.            Respectfully submitted,

By:    */s/ Erik Berglund*
     ERIK J. BERGLUND, ESQ.
     *Local Attorneys for Defendant*
     *American Benefit Solutions, LLC*

     BETH-ANN E. KRIMSKY, ESQ.
     JAMEY R. CAMPELLONE, ESQ.
     **GREENSPOON MARDER LLP**
     *Attorneys for Defendant*
     *American Benefit Solutions, LLC*