ERIK J. BERGLUND
NJ Bar No. 104242014
Email: erik.berglund@gmlaw.com
**GREENSPOON MARDER LLP**
590 Madison Avenue, Suite 1800
New York, NY 10022
(212) 524-5000
*Local Attorneys for Defendant*
*American Benefit Solutions, LLC*

BETH-ANN E. KRIMSKY
Fla. Bar No. 968412
*Pro Hac Vice* Admission Pending
Email: beth-ann.krimsky@gmlaw.com
Email: clemencia.corzo@gmlaw.com
JAMEY R. CAMPELLONE
Fla. Bar No. 119861
*Pro Hac Vice* Admission Pending
Email: jamey.campellone@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027
*Attorneys for Defendant*
*American Benefit Solutions, LLC*

| | |
|---|---|
| SERGIO RACANATI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BENEFIT SOLUTIONS, LLC,<br><br>Defendant. | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>CASE NO.: 2:18-cv-12086-KM-MAH<br><br>Motion Day: <u>Monday, November 19, 2018</u> |

**DEFENDANT AMERICAN BENEFIT SOLUTIONS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS [D.E. 3] PLAINTIFF'S COMPLAINT [D.E. 1] <u>PURSUANT TO FED. R. CIV. P. 12(B)(2) AND FED. R. CIV. P. 12(B)(6)</u>**

37076180.1

Defendant American Benefit's
Reply in further support of its Motion to Dismiss
Case No.: 2:18-cv-12086-KM-MAH

**TABLE OF CONTENTS**

**INTRODUCTION** .................................................................................................................. 1

**DISCUSSION** ....................................................................................................................... 3

    A.    This Court Lacks Personal Jurisdiction Over American Benefit Concerning the Claims of the Non-New Jersey Putative Class Members. ............. 3

        1.   *Bristol-Myers* Applies to Class Actions as Personal Jurisdiction in Class Actions Must Comport with Due Process. .............................................. 3

        2.   This Court Should Dismiss Plaintiff's Complaint Concerning the Claims of the Non-New Jersey Putative Class Members at the Motion to Dismiss Stage and Not Wait until the Class Certification Stage to do so. ...................................................................................................................... 7

        3.   Plaintiff Can Attempt to Bring His Nationwide Class Action Elsewhere. ...................................................................................................... 9

    B.    Contrary to Plaintiff's Position, Plaintiff's Complaint Fails to Plausibly Allege Use of an ATDS or Prerecorded or Artificial Voice. .................................. 9

    C.    The Applicability of 47 C.F.R. § 64.1200(d) to "wireless telephone numbers" Does Not Negate the Fact that Plaintiff's "Second Cause of Action" Fails to State a Claim Because Plaintiff Only Alleged Calls to his Cellular Phone and Not His Residential Line. ..................................................... 10

**CONCLUSION** ..................................................................................................................... 12

Defendant American Benefit's
Reply in further support of its Motion to Dismiss
Case No.: 2:18-cv-12086-KM-MAH

# **TABLE OF AUTHORITIES**

**Cases**

*Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*,
  16 C 9281, 2018 WL 3474444 (N.D. Ill. July 19, 2018) ........................................................ 5

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ............................................................................................................... 6

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
  137 S. Ct. 1773 (2017) ............................................................................................ 1, 4, 6, 7, 9

*CE Design Ltd. v. King Architectural Metals, Inc.*,
  637 F.3d 721 (7th Cir. 2011) .................................................................................................. 8

*Chernus v. Logitech, Inc.*, CV 17-673(FLW),
  2018 WL 1981481 (D.N.J. Apr. 27, 2018) .......................................................................... 7, 8

*Cunningham v. Enagic USA*, Inc.,
  No. 3:15-0847, 2017 WL 2719992 (M.D. Tenn. June 23, 2017) ......................................... 11

*Cunningham v. Rapid Capital Funding, LLC/RCF*,
  No. 3:16-cv-02629, 2017 WL 3574451 (M.D. Tenn. July 27, 2017) .................................. 11

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................................... 3

*Horowitz v. AT&T Inc.*, 3:17-CV-4827-BRM-LHG,
  2018 WL 1942525 (D.N.J. Apr. 25, 2018) ............................................................................ 6

*In re Dental Supplies Antitrust Litig.*,
  16CIV696BMCGRB, 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ................................... 5

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ............................................................................................................... 6

*Maclin v. Reliable Reports of Tex., Inc.*,
  No. 17 CV 2612, 2018 WL 1468821 (N.D. Ohio Mar. 26, 2018) ......................................... 5

Defendant American Benefit's
Reply in further support of its Motion to Dismiss
Case No.: 2:18-cv-12086-KM-MAH

*McDonnell v. Nature's Way Products, LLC*,
  16 C 5011, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017) ........................................................... 4

*Norman v. Sito Mobile Solutions*,
  No. 17-2215, 2017 WL 1330199 (D.N.J. Apr. 6, 2017) ......................................................... 10

*Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*,
  301 F. Supp. 3d 840 (N.D. Ill. 2018) .................................................................................. 4, 5

*Spratley v. FCA US LLC*,
  317CV0062MADDEP, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017) ................................... 5

*Trenk v. Bank of America*,
  No. 17-3472, 2017 WL 4170351 (D.N.J. Sept. 20, 2017) ...................................................... 10

*Trumper v. GE Capital Retail Bank*,
  79 F. Supp. 3d 511 (D.N.J. 2014) ............................................................................................ 9

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) .................................................................................................................. 3

*Wenokur v. AXA Equitable Life Ins. Co.*,
  CV-17-00165-PHX-DLR, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017) ................................... 4

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) .................................................................................................................. 6

**Statutes**

28 U.S.C. § 2072(b) ........................................................................................................................ 4

47 U.S.C. § 227 ...................................................................................................................... 11, 12

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................................ i, 1, 2, 5, 9

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ i, 1, 3

**Regulations**

47 C.F.R. § 64.1200 .................................................................................................... 2, 3, 10, 11

Defendant, American Benefit Solutions, LLC ("American Benefit"), by and through the undersigned attorneys and pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rules 7.1 and 7.2 of the United States District Court for the District of New Jersey, hereby files and serves this Reply in further support of its Motion to Dismiss Plaintiff Sergio Racanati's ("Plaintiff") Complaint [D.E. 3-1] for lack of jurisdiction and failure to state a claim upon which relief can be granted. In support thereof, American Benefit states as follows:

## INTRODUCTION

Plaintiff's Response in Opposition [D.E. 6] ("Response") asks this Court to create an exception to the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017) ("*Bristol-Myers*") for class actions and permit the jurisdictionally defective nationwide class allegations and claims to proceed at the expense of American Benefit's due process rights. Contrary to Plaintiff's position, there is no such class action exception under *Bristol-Myers* and many jurisdictions which have addressed this specific issue have expressly held that *Bristol-Myers* applies to class actions such that out-of-state putative class claimants cannot assert allegations which have no connection to the forum state and for which the Court lacks jurisdiction over the defendant.

In this case, Plaintiff's Complaint alleges Plaintiff is "a citizen and resident of Little Ferry, New Jersey," and that American Benefit is "a Maryland corporation with its principal place of business at 16071 AE Mullinix Rd., Woodbine, MD 21797." [D.E. 1, ¶¶8, 10]. Pursuant to *Bristol-Myers*, such allegations, without more, wholly fail to meet Plaintiff's burden of alleging facts sufficient to establish this Court's personal jurisdiction over American Benefit

concerning the non-New Jersey residents Plaintiff seeks to have included in the putative classes defined in his Complaint. [D.E. 1, ¶39]. Plaintiff does not dispute non-New Jersey putative class members have no connection to New Jersey. Similarly, Plaintiff does not dispute this Court has no general jurisdiction to proceed with any alleged claims against American Benefit. Accordingly, the non-New Jersey putative class members' claims should be dismissed pursuant to the guidance of *Bristol-Myers*.

Notwithstanding the fact this Court lacks personal jurisdiction over the non-New Jersey putative class members' purported claims, Plaintiff's Complaint also fails for lack of allegations of material facts sufficient to state a claim under the TCPA. Plaintiff's Response is not the Complaint, yet Plaintiff seeks to use his Response to inject unpled and irrelevant allegations that are nowhere to be found in the Complaint. Indeed, the Response refers to calls Plaintiff's counsel's friends allegedly received [D.E. 6, pg. 6], as if that in any way impacts this Court's analysis. It does not. Plaintiff's continued use of vague assertions and irrelevant statements and references do not (because they cannot) ameliorate the imprecise and conclusory nature of the Complaint that merely parrots the language of the TCPA.

Finally, while Plaintiff is correct that 47 C.F.R. § 64.1200(d) applies to "wireless telephone numbers," [D.E. 6, pg. 10] the Response blatantly ignores Plaintiff's failure to plead sufficient facts establishing that the alleged calls were made to Plaintiff's **residential** line or that his cellular phone is used for **residential** purposes. Plaintiff's failure to sufficiently plead these necessary and critical facts render Plaintiff's Complaint defective and subject to dismissal. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant American Benefit's<br>
Reply in further support of its Motion to Dismiss<br>
Case No.: 2:18-cv-12086-KM-MAH

## DISCUSSION

**A. This Court Lacks Personal Jurisdiction Over American Benefit Concerning the Claims of the Non-New Jersey Putative Class Members.**

   **1.** *Bristol-Myers* **Applies to Class Actions as Personal Jurisdiction in Class Actions Must Comport with Due Process.**

As American Benefit fully addressed in its Motion to Dismiss [D.E. 3-1, pg. 13], *Bristol-Myers* was a mass tort action originating in state court, but neither the form of the action nor the court in which the action is brought alters the most basic and fundamental principle of federal court jurisdiction: a court cannot exercise specific personal jurisdiction over a foreign defendant based on claims that do not relate to the defendant's contacts with the forum state[1]. Indeed, there is no compelling reason (and Plaintiff does not even attempt to suggest one) why a court could or should exercise its authority over the claims of an unnamed, non-resident putative class member when the court could not exercise such authority over the claims of the same person if that non-resident sued as an individual plaintiff. That is to say, there is no reason why **absent** class members should have a greater ability to obtain personal jurisdiction over a defendant in a foreign jurisdiction than a **named** plaintiff would have. Contrary to the Response's suggestion that Rule 23 alleviates America Benefit's due process concerns, Plaintiff's position would run afoul of the Rules Enabling Act, under which the procedural device of a class action cannot be used to "abridge, enlarge or modify any substantive right." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) (*quoting* Rules Enabling Act, 28 U.S.C. § 2072(b)); *see also Practice Mgmt. Support Services, Inc. v. Cirque*

---

[1] Similarly, a court cannot exercise general jurisdiction where, as here, a defendant is not considered "at home." *See Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

*du Soleil, Inc.*, 301 F. Supp. 3d 840, 861 (N.D. Ill. 2018). While Plaintiff rejects and ignores this basic and fundamental principle of federal court jurisdiction, this Court should not and should dismiss Plaintiff's Complaint forthwith.

As stated in the Motion to Dismiss, *Bristol-Myers* held that to establish personal jurisdiction over a foreign defendant, a nonresident claimant must show, **independent of any other claimant**, that his or her claim arises from or relates to the **defendant's contacts with the forum state**. *Bristol-Myers*, 137 S. Ct. at 1773. Plaintiff's Response asks this Court to disregard *Bristol-Myers* by relying primarily upon four (4) carefully selected decisions. [D.E. 6, pg. 6–7]. Contrary to Plaintiff's theory, the Supreme Court did not carve out an exception to the basic jurisdictional rule for class actions in its decision. *See Bristol-Myers,* 137 S. Ct. 1773. In fact, many courts in jurisdictions including and beyond the Northern District of Illinois addressing this issue have held that *Bristol-Myers* applies to class actions and dismissed class claims and allegations of out-of-state putative class members for lack of personal jurisdiction[2]. *See McDonnell v. Nature's Way Products, LLC*, 16 C 5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017) (recognizing the "analysis used in [*Bristol-Myers*] is instructive in considering whether this Court has personal jurisdiction over the claims [Plaintiff] asserts on their behalf . . . ." and dismissing claims of out-of-state putative class members); *Wenokur v. AXA Equitable Life Ins. Co.*, CV-17-00165-PHX-DLR, 2017 WL 4357916, at *4, n. 4 (D. Ariz. Oct. 2, 2017)

---

[2] Quite noticeably, Plaintiff boldly and incorrectly stated: "[t]he only cases that have held otherwise [to extend *Bristol-Myers* to the class action context] are found in the Northern District of Illinois," which cases Plaintiff failed to actually cite, perhaps because there are so many. [D.E. 6, pg. 7]. Plaintiff simply fails to distinguish, or even acknowledge, the non-Illinois cases cited in American Benefit's Motion to Dismiss and supported by this Reply that address *Bristol-Myers* in the class action context.

("[t]he Court also notes that it lacks personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class."); *Spratley v. FCA US LLC*, 317CV0062MADDEP, 2017 WL 4023348, at *6 (N.D.N.Y. Sept. 12, 2017) (relying upon *Bristol-Myers,* the court rejected "Plaintiffs' argu[ment] that the out-of-state Plaintiffs' claims need not arise from Chrysler's New York activities because the out-of-state Plaintffs' claims are the same as the New York Plaintiffs' claims and arise out of Chrysler's nationwide activity . . . [since] the Supreme Court recently rejected this very theory of personal jurisdiction.").

In short, there is no class action exception to *Bristol-Myers* and its decision applies to dismiss the claims and class allegations of non-resident plaintiffs and putative class members with no connection to the forum state where general jurisdiction against American Benefit is lacking. *See, e.g., Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 16 C 9281, 2018 WL 3474444, at *2 (N.D. Ill. July 19, 2018) (holding in the TCPA context that "[t]his Court lacks jurisdiction over the [d]efendants as to the claims of the nonresident, proposed class members . . . those class members who are not Illinois residents and who allegedly received the fax outside of this state's borders may not be part of this case."); *Maclin v. Reliable Reports of Tex., Inc.*, No. 17 CV 2612, 2018 WL 1468821, at *4 (N.D. Ohio Mar. 26, 2018) (holding that the Court did not have personal jurisdiction over the FLSA claims asserted by non-Ohio plaintiffs under Rule 12(b)(2)); *Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d at 840 (holding that the class claims would be limited to those involving Illinois residents); *In re Dental Supplies Antitrust Litig.*, 16CIV696BMCGRB, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) (applying *Bristol-Myers* to a class action, holding

that "[t]he constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case"); *see also Horowitz v. AT&T Inc.*, 3:17-CV-4827-BRM-LHG, 2018 WL 1942525, at *15 (D.N.J. Apr. 25, 2018).

Plaintiff also argues that Rule 23 requirements such as typicality, commonality, and predominance of common issues will somehow protect American Benefit's due process rights. [D.E. 6, pgs. 5–6]. However, this attempt to shift the burden of these elements of Rule 23 to American Benefit is a dangerous, let alone improper, use of Rule 23 that was not designed to ever address, never mind protect, the due process rights of **defendants**. The typicality, commonality, predominance, adequacy, and other requirements under Rule 23 exist to protect the interests of purported **class members** and to ensure that the class action is an economical form of adjudication. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997). Even if the class action requirements contribute to procedural fairness, they are no substitute for American Benefit's due process right to be free of litigation in a forum lacking an adequate connection to American Benefit and the non-New Jersey putative class member's claims. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) ("[T]he Due Process Clause "does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations.") (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Indeed, American Benefit has a constitutional right not to be subjected to the adjudicatory authority of a court lacking an adequate connection to a particular claim. As the Supreme Court held in *Bristol-Myers*, this right must be upheld even over considerations of judicial economy and even if the exercise of

jurisdiction would not unfairly disadvantage the defendant. *Bristol-Myers,* 137 S. Ct. at 1780-81.

At bottom, Plaintiff's Complaint reveals this Court lacks personal jurisdiction of any alleged claim of the non-New Jersey putative class members because these non-New Jersey claims lack any connection to New Jersey and general jurisdiction over American Benefit is lacking. The Response does not establish otherwise. Because this Court does not have general jurisdiction over the non-New Jersey putative class members' purported claims, personal jurisdiction over these claims is appropriate only if Plaintiff establishes specific jurisdiction over American Benefit. But Plaintiff does not even attempt to allege the existence of specific jurisdiction (because he cannot). Thus, this Court should dismiss the purported class claims for each out-of-state putative class member.

**2. This Court Should Dismiss Plaintiff's Complaint Concerning the Claims of the Non-New Jersey Putative Class Members at the Motion to Dismiss Stage and Not Wait until the Class Certification Stage to do so.**

Contrary to Plaintiff's hypothetical supposition as to the state of the law in the District Court of New Jersey, *Bristol Myers*' approach applied to federal class actions has yet to be decided in New Jersey. American Benefit urges this Court to protect American Benefit's due process rights by accepting the United States Supreme Court's invitation and analysis to do so. The Response's citation to *Chernus v. Logitech, Inc.*, CV 17-673(FLW), 2018 WL 1981481, at *8 (D.N.J. Apr. 27, 2018) for the proposition that this Court "rejected" a motion to dismiss a putative nationwide class pursuant to *Bristol Myers* is misleading at best. Indeed, what the Response attempts to selectively shield from this Court is the rationale concerning *Chernus*. The reason being apparent—the denial of defendant's motion to dismiss in *Chernus* was unrelated to

*Bristol Myers*. Instead, the *Chernus* court found that because no class had been certified, "to determine whether this Court has specific jurisdiction over Defendant with respect to the claims of the unnamed class members prior to class certification would put the proverbial cart before the horse." *Id*. at *8. In essence, this Court simply reserved ruling on this issue and allowed the defendant to re-raise the issue at the class certification stage. *Id*.

While American Benefit can certainty raise a jurisdictional issue during the class certification stage, it urges this Court to decide this threshold issue at this critical stage to preserve this Court's and the litigants' resources; particularly in light of the astronomical costs associated with defending nationwide class actions that are simply not warranted in this jurisdiction and that could be brought in a proper jurisdiction. *See infra*, Section 3; *see CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 723 (7th Cir. 2011) ("a class action can coerce a defendant into settling on highly disadvantageous terms regardless of the merits of the suit."). Should this Court yield on this issue until the class certification stage (it should not), American Benefit would, at the very least, be subject to burdensome and costly class discovery. Such discovery is not only inapplicable as jurisdiction is simply lacking, but also may result in a coercive settlement regardless of the merits of Plaintiff's claims.[3]

---

[3] According to Pacer, since 2015, when Plaintiff's counsel was admitted to the bar of New Jersey, Plaintiff's counsel has filed approximately sixty (60) TCPA cases, none of which have actually gone to trial as most of these cases were settled within months of being filed. Indeed, it appears from Pacer that only two (2) of these cases settled on a class wide basis. That is to say, each of these cases have resulted in some sort of settlement, thus supporting American Benefit's argument that Plaintiff is simply seeking to keep claims that should not be brought in New Jersey in this case to advance settlement opportunity. Moreover, of those sixty (60) cases, only fifteen (15) were originally filed in the District Court of New Jersey, evidencing Plaintiff's counsel's ability to serve as counsel in other jurisdictions.

37076180.1

### 3. Plaintiff Can Attempt to Bring His Nationwide Class Action Elsewhere.

If Plaintiff can otherwise meet the Rule 23 requirements (he cannot), a nationwide class action could be brought, if there were actual factual allegations to support it, where American Benefit is subject to general jurisdiction. While Plaintiff decries such a limitation, he never explains what law gives him the right to initiate a nationwide class action in any forum of his choosing, regardless of whether the claims at issue relate to out-of-state putative class members' contacts with that forum. Perhaps it is Plaintiff's counsel's own convenience why this case was filed in this Court, but that can hardly be the basis to allow a jurisdictional due process violation. As expounded upon in detail above, American Benefit has a constitutional right not to be subjected to the adjudicatory authority of a court lacking an adequate connection to a particular claim. As *Bristol-Myers* discussed, this right must be upheld even over considerations of judicial economy and even if the exercise of jurisdiction would not unfairly disadvantage the defendant. *Bristol-Myers*, 137 S. Ct. at 1780-81.

Accordingly, because the exercise of jurisdiction over out-of-state putative class members' claims against American Benefit would be a violation of America Benefit's due process rights, American Benefit is entitled to dismissal of such class claims pursuant to Fed. R. Civ. P. 12(b)(2).

### B. Contrary to Plaintiff's Position, Plaintiff's Complaint Fails to Plausibly Allege Use of an ATDS or Prerecorded or Artificial Voice.

The District Court of New Jersey has repeatedly held conclusory allegations that a defendant used an ATDS or prerecorded or artificial voice are insufficient to state a claim under the TCPA. *See, e.g., Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (holding that plaintiff's TCPA claim failed because under *Twombly* and *Iqbal*, plaintiff made

only conclusory allegations that defendant placed calls using an ATDS or an artificial or prerecorded voice); *Trenk v. Bank of America*, No. 17-3472, 2017 WL 4170351, at *2 (D.N.J. Sept. 20, 2017) (dismissing TCPA claim because plaintiff's complaint did not provide any factual allegation about whether the calls and text messages were automated or prerecorded). Indeed, Plaintiff "must do more than simply parrot statutory language." *Norman v. Sito Mobile Solutions*, No. 17-2215, 2017 WL 1330199, at *2 (D.N.J. Apr. 6, 2017).

Plaintiff's allegations about American Benefit's alleged use of an ATDS and/or prerecorded or artificial voice are wholly conclusory. *See* D.E. 1, ¶¶ 2, 14, 17, 18, 19. Indeed, noticeably absent from the Response is any reference to allegations within the Complaint describing the alleged calls or the background surrounding the alleged calls supporting the notion of an automated or prerecorded call. Indeed, Plaintiff does not so much as plead a specific amount of calls, stating that there was "more than two such telemarketing calls" and that the exact number would be determined in discovery. [D.E. 1, ¶34]. Because the Complaint is absent of allegations of material facts sufficient to support Plaintiff claims, Plaintiff's Complaint should be dismissed.

**C. The Applicability of 47 C.F.R. § 64.1200(d) to "wireless telephone numbers" Does Not Negate the Fact that Plaintiff's "Second Cause of Action" Fails to State a Claim Because Plaintiff Only Alleged Calls to his Cellular Phone and Not His Residential Line.**

Quite consistently, the Response continues to simply ignore the authorities cited by American Benefit in support of its argument to dismiss Plaintiff's Second Cause of Action for failure to state a claim because Plaintiff only alleged calls to his cellular phone and not his **residential** line. American Benefit does not dispute 47 C.F.R. § 64.1200(d) "covers calls to cellular telephones" [D.E. 6, pg. 10], but that is not the inquiry before the Court. What Plaintiff

fails to consider and address in his Response is that he "must [still] plead facts showing the cell phone is used for residential purposes." *Cunningham v. Rapid Capital Funding, LLC/RCF*, No. 3:16-cv-02629, 2017 WL 3574451 (M.D. Tenn. July 27, 2017) (dismissing plaintiff's claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) and (d)(4) because plaintiff failed to allege facts showing that his cell phones were used for residential purposes); *Cunningham v. Enagic USA*, Inc., No. 3:15-0847, 2017 WL 2719992, at *5-6 (M.D. Tenn. June 23, 2017) (dismissing plaintiff's TCPA claim because plaintiff only alleged calls to his cellular phone and not his residential line). Plaintiff did not, and the Response does not establish otherwise. Plaintiff simply fails to plead facts showing that the cell phone allegedly called by American Benefit in violation of the TCPA was either a **residential number** or a number used for **residential purposes**. [D.E. 1, ¶¶12, 34, 56]. Plaintiff's attempt to chastise the District Court of Tennessee by suggesting it did not consider the law, whether it was briefed or not, does not undermine the validity of those cases nor does it excuse Plaintiff's failure to plead a basic requirement—alleging that Plaintiff was called on a **residential** line or that the cell phone allegedly called was used for **residential** purposes.

    Additionally, Plaintiff fails to (because he cannot) provide any factual allegations concerning the substance of the telephone calls at issue, let alone that Plaintiff actually requested to be placed on an internal do-not-call list. Similarly, Plaintiff fails to (because he cannot) sufficiently allege American Benefit "did not have such a written policy, nor did [American Benefit] train personnel engaged in telemarketing on the existence and use of the do-not-call list." [D.E. 1, ¶28]. Instead, Plaintiff simply asserts conclusory charges devoid of actual facts that actually evidence American Benefit maintains a do-not-call policy. [D.E. 1, pg. 12].

Accordingly, Plaintiff's "Second Cause of Action" should also be dismissed for failure to state a claim for which relief can be granted because he failed to allege facts sufficient to support a violation of 47 U.S.C. § 227.

## CONCLUSION

**WHEREFORE**, Defendant, American Benefit Solutions, LLC, respectfully requests that this Court enter an Order dismissing Plaintiff Sergio Racanati's Complaint [D.E. 1], and awarding any such further and other relief in favor of American Benefit as this Court deems just and proper.

Dated: November **13th**, 2018.   Respectfully submitted,

By: */s/ Erik Berglund*
ERIK J. BERGLUND, ESQ.
*Local Attorneys for Defendant*
*American Benefit Solutions, LLC*

BETH-ANN E. KRIMSKY, ESQ.
JAMEY R. CAMPELLONE, ESQ.
**GREENSPOON MARDER LLP**
*Attorneys for Defendant*
*American Benefit Solutions, LLC*

37076180.1